UNITED STATES, Appellee,

v.

Specialist Four George R. THROWER, Junior, SSN 543–82–7248, United States Army, Appellant.

CM 441048.

U. S. Army Court of Military Review.

16 Dec. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Mark S. Julius, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas the appellant was convicted of possession of marihuana and heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for two years, and forfeiture of $300.00 pay per month for 24 months. The convening authority approved the sentence.

The appellant contests the lawfulness of the discovery and seizure of both the marihuana and the heroin.

The appellant shared a room in the unit billets with Specialist Four McCullough and another soldier. On 12 December 1980, McCullough saw the appellant placing what appeared to be cocaine into small paper packets. Wanting the drugs out of his room and fearful of being blamed for their presence, McCullough reported what he had seen to his platoon sergeant, Staff Sergeant Gunn.

On that morning Gunn had been directed to conduct an inspection for pyrotechnical devices, because someone had set off some artillery simulators the night before, but he

was not specifically told when to conduct the inspection. Sergeant Gunn took no immediate action in response to McCullough's complaint because he was busy supervising the recovery and repair of vehicles involved in a field exercise which the unit had just completed.

McCullough complained again to Gunn at 1300 hours. Gunn then went to the billets with McCullough and began what purported to be an inspection, starting with McCullough's wall locker. As Gunn was inspecting, McCullough noticed a packet of marihuana behind the seat cushion of a chair in a common area of the room. McCullough showed the packet to Gunn, who put it back in the chair and told McCullough to summon the appellant. Gunn believed that the appellant was a basically good soldier and wanted to scare him into changing his behavior. As McCullough and the appellant returned to the room, Gunn pretended to drop his lighter and some change into the chair and then pulled out the marihuana, confronted the appellant with it, and summoned the commander, Captain Pippin, who arrived shortly thereafter.

After Captain Pippin was shown the marihuana, he told the occupants to remain in the room. He read them their Article 31, 10 U.S.C. § 831 rights and "asked" if he could look around the room. They all acquiesced. Captain Pippin examined McCullough's belongings, finding and seizing some unauthorized military equipment, told Gunn to strip search McCullough and then cut open the bottom of the chair in which the marihuana had been found. According to Gunn, Captain Pippin "was literally cutting the chair to shreds." Inside the chair Captain Pippin found ten paper packets containing heroin, one of which bore the appellant's fingerprint.

■ We are satisfied that the discovery and seizure of the marihuana was due to McCullough's acts in his private capacity and not as "a person acting in a governmental capacity." *See* Mil.R.Evid. 311(a); *Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921); *United States v. Volante*, 4 U.S.C.M.A. 689, 16 C.M.R. 263 (1954); *United States v. Rosado*, 2 M.J. 763 (A.C.M.R.), *pet. denied* 5 M.J. 1091 (C.M.A.1976); *United States v. Faucett*, 50 C.M.R. 894 (A.F.C.M.R.1975). Accordingly, we conclude that the marihuana discovered by McCullough and handed over to governmental agents was properly admitted in evidence.

■ We also conclude that the heroin was lawfully seized, but for different reasons. If the heroin had been discovered in the course of the previously scheduled inspection for pyrotechnics it might have been admissible as the product of that inspection, subject to a showing of relevance and if not inadmissible on some other basis. *See* Mil.R.Evid. 313(a). However, we believe that "literally cutting the chair to shreds" exceeds the requirement of Rule 313(b) that an inspection be conducted "in a reasonable fashion." We conclude Captain Pippin's discovery of the heroin packets by cutting apart the chair exceeded the scope of an inspection and evolved into a search, but that it occurred at the invitation of McCullough, who had the authority to consent to a search of the common area of his room in which the chair was located. *See* Mil.R.Evid. 314(e). McCullough's complaints to Sergeant Gunn and his participation in the discovery and seizure of the marihuana clearly show his consent to the more detailed search which followed. Accordingly, we conclude that both the marihuana and the heroin were lawfully obtained. Since we hold that McCullough's complaints to Sergeant Gunn amount to a valid consent to the search of the room and the chair, we need not decide whether Captain Pippin also obtained the consent of the occupants to conduct a search or whether they merely acquiesced to his authority.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DONNELL concur.